IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARCO HAWKINS, #180465, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:21-CV-294-WHA |
| | ) [WO] |
| WEXFORD CORP., et.al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**[1]

Charco Hawkins, an inmate currently incarcerated at the Elmore Correctional Facility, filed this 42 U.S.C. § 1983 complaint on April 15, 2021.[2] In this complaint, Hawkins challenges the constitutionality of medical treatment provided to him at the Staton Correctional Facility on April 9, 2019.[3]

---

[1] All documents and attendant page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

[2] The Clerk stamped the complaint "received" on April 20, 2021. Doc. 1 at 1. Hawkins, however, verified execution of the complaint on April 15, 2021. Doc. 1 at 4. Thus, the latter date is the earliest date Hawkins could have submitted the complaint to prison officials for mailing. A pro se inmate's complaint is deemed filed under "the mailbox rule" on the date he places it in the correctional facility's mail system for delivery to the court. *Houston v. Lack,* 487 U.S. 266, 271–72 (1988); *Fuller v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). The court therefore considers April 15, 2021 as the date of filing for this civil action.

[3] In the instant complaint, Hawkins contends he received the medical treatment at issue on "approximately" April 8, 2019. Doc. 1 at 2. However, in a prior complaint filed by Hawkins with this court, he identifies the date of treatment as April 9, 2019, and various documents filed by the defendants in this prior civil action likewise demonstrate that the relevant date is April 9, 2019. *Hawkins v. Jones, et al.*, Civil Action No. 2:19-CV-315-WHA-KFP (M.D. Ala.) – Doc. 1, Doc. 27-2 & Doc. 27-5. This court may take judicial notice of its own records. *Nguyen v. United States,* 556 F.3d 1244, 1259 n.7 (11th Cir.2009). Based on the foregoing and for purposes of this Recommendation, the court finds that April 9, 2019 is the date on which Hawkins received the medical treatment he now seeks to challenge.

Upon review of the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[4]

## II.  DISCUSSION

Hawkins complains that on April 9, 2019, upon his transport to the health care unit at Staton Correctional Facility, the defendants failed to provide him with constitutionally adequate medical treatment.  Doc 1 at 3.

The claims presented in the instant complaint are subject to the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983. The governing statute of limitations for claims raised in §1983 actions is the forum state's general or residual statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 249–250 (1989); *Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, this limitations period is two years. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008); *Ala. Code* ' 6-2-38(l).

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's complaint] was brought in Alabama where the governing limitations period is two years.

---

[4]The court granted Hawkins leave to proceed *in forma pauperis* in this civil action.  Doc. 3. It is therefore obligated to screen the complaint for possible summary dismissal under 28 U.S.C. § 1915(e)(2). Specifically, the screening procedure requires the court to "dismiss the case at any time if the court determines that— . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii); *see also* 28 U.S.C. §§ 1915A(b)(1)-(2) ("On review [of a prisoner's complaint against government officials], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief.").

>Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair*, 515 F.3d at 1173.

The medical treatment about which Hawkins complains occurred on April 9, 2019. By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) affords no relief to Hawkins from application of the time bar.[5] Thus, the statute of limitations applicable to this 42 U.S.C. § 1983 action began to run on April 10, 2019.[6] The limitations period ran uninterrupted until its expiration on April 12, 2021.[7] Hawkins filed the instant case on April 15, 2021. Under these circumstances, the filing of this civil action occurred after expiration of the applicable period of limitations.

Unquestionably, the statute of limitations is usually a matter which is raised as an affirmative defense. However, when a plaintiff proceeds *in forma pauperis* in a civil action, the court may *sua sponte* consider affirmative defenses that are apparent from the

---

[5] The tolling provision, in relevant part, provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action[.]" Ala. Code § 6-2-8(a). The complaints filed by Hawkins with this court, documents filed in his 2019 case and state court records maintained by the Alabama Trial Court System, hosted at www.alacourt.com, of which this court takes judicial notice as permitted by applicable federal law, *Keith v. DeKalb Cnty*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014), demonstrate that Hawkins had not been declared legally insane nor was he under the age of 19 at the time the claims raised in this case accrued.

[6] In computing the federal period of limitations, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), Fed. R. Civ. P.

[7] Since expiration of the limitations period fell on April 10, 2021, a Saturday, the one-year period of limitations expired the following Monday, April 12, 2021. Rule 6(a)(1)(C), Fed.R.Civ.P. ("[I]f the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.")

face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the complaint and other relevant court records, Hawkins has no legal basis on which to proceed with respect to his claims challenging the constitutionality of medical treatment provided to him on April 9, 2019. As previously determined, the statutory tolling provision is unavailing. Consequently, the governing two-year period of limitations expired on April 12, 2021, prior to Hawkins' filing the instant civil action. In light of the foregoing, the undersigned concludes that this

case is barred by the applicable statute of limitations and is therefore subject to dismissal as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark*, 915 F.2d at 640, n.2; *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i), as the claims raised in the complaint are barred by the applicable statute of limitations.

On or before **May 10, 2021**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 23rd day of April, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge